————o————

## No. 7061.

## LOUIS KNOP, CIVIL SHERIFF, ET AL., v. LAFAYETTE FIRE INSURANCE CO.

### Syllabus.

1. Where the owner of the property and the mortagee each insures separately, there may be over-insurance but there cannot be "double-insurance", since the interests insured are entirely distinct the one from the other.

2. The mere right to proceed with an execution pending a devolutive appeal will not alone give an insurable interest unless the party show that his claim will ul-

timately prevail, or that he will be liable for the amount realized under the seizure.

Appeal from the Civil District Court, Parish of Orleans, No. 114,419, Division "C"; Honorable E. K. Skinner, Judge. Reversed and remanded.

Dinkelspiel, Hart & Davey, Theodore Cotonio & Hugh C. Cage, for plaintiff and appellant.

Dart, Kernan & Dart, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Luigi Milano mortaged certain improved real estate to Antonio Greco, and when the former failed to pay the latter foreclosed.

The property was seized by Louis Knop, Civil Sheriff, who insured it at the request of Greco, in the defendant company.

Mrs. Luigi Milano intervened and claimed the property as belonging to her. Her claim was rejected by the trial Court and she appealed devolutively, but not suspensively. Whereupon the sheriff proceeded with the execution.

But before the day of sale the improvements were destroyed by fire, so that the ground alone was sold and the proceeds turned over to Greco. But the proceeds did not suffice to pay Greco in full, and the insurance money added thereto will barely suffice for that purpose.

Meanwhile Mrs. Milano had also insured in another company which after first refusing to do so, finally paid her the amount of her insurance.

But this defendant having refused to pay, the Civil sheriff and Greco brought this suit to compel it to do so.

The defendant excepted that the action was premature; and when this plea was overruled, filed answers setting up

in substance first that there was double insurance, and second that the defendant was without insurable interest.

After a trial on the merits (but upon a record which we consider incomplete) the trial Judge recalling his ruling on the exception, maintained the plea of prematurity, and dismissed the suit.

We are of opinion that the plea of prematurity was not well founded; if defendant owes plaintiff anything the amount was due from the time of the fire, and plaintiff's right of action arose immediately upon that occurrence; the trial Judge therefore properly overruled the exception at the start, and his later ruling was erroneous.

But as there was a trial on the merits, as plaintiffs have appealed and defendant has answered asking that the demand be rejected finally, we shall make that disposition of the case which we consider the proper one.

First of all there was no "double insurance." The interest of the owner, or alleged owner, and of the mortgage creditor were wholly distinct interests. Hence it may be that there was over-insurance, since the one or the other or both may have insured in a sum exceeding the value of their respective interests; but the interests insured were wholly distinct and what was insured under one policy was not insured under the other. *Cannon v. Insurance Co.,* 49 *An.,* 1367.

On the other hand plaintiff claims that the mere fact that he had a right to proceed with the execution pending the outcome of the devolutive appeal, and to collect his debt in full at the time (which he would have done had the property not burned) entitles him by that fact alone to recover the amount from the insurance company at once.

After careful thought we are unable to accept that view. Insurance is a contract of indemnity and not of gain. If

the property had not burned plaintiff would indeed have collected his money but would have been obliged to return the amount to Mrs. Milano if she finally succeeds in her suit. But if the plaintiff now recovers the amount from this defendant he would not in any event have to pay back any part of it to Mrs. Milano, since she insured her own interests as she conceived them to be and has been indemnified therefor.

So that to condemn this defendant for the amount of the insurance merely because plaintiff had a right to receive his debt, provisionally and temporarily, would be converting what was intended merely as an indemnity, into what might ultimately prove to be a pure gain.

We are therefore now satisfied that plaintiff's right to the insurance money is wholly dependant upon whether or not plaintiff can enforce his mortgage, effectively and finally, against the property seized.

Now in our opinion this does not depend merely upon the fact that there is a suit pending in which the validity of that mortgage is attacked by some third person.

Nor do we believe that plaintiff's right to proceed in this case is dependant upon the outcome of such a suit, or that prceedings herein must be stayed until that suit is decided.

For that suit and all proceedings therein are *res inter alios acta* so far as this defendant is concerned.

We think therefore that the issue whether plaintiff can enforce his mortgage against the property finally and effectively (which there is the one issue determinative of this case) is one which must be tried between this plaintiff and this defendant and in this case; and that the trial of that issue is not dependent upon, and not to be subordinated to, the trial or outcome of Mrs. Milano's suit.

403

In other words we think the defendant may set up the defense that plaintiff's mortgage is worthless, but it must make good that defense; and that it cannot by merely showing that Mrs. Milano makes the same claim.

It is in this respect that we find, as we have said, that the record is incomplete.

At the trial both parties offered merely the record between Mrs. Milano and plaintiff, and since no evidence was taken in that case we have nothing but the pleadings before us.

From these it appears that Mrs. Milano claims that she acquired the property by a *dation en paiement* antedating the mortgage. And the plaintiff claims that the *dation en paiement* is null and void for sundry reasons, but that in any event Mrs. Milano herself negotiated the loan, personally arranged for the mortgage, produced her husband's title and withheld her own, and received the proceeds herself, her husband acting merely at her suggestion and being represented by both as the owner of the property.

If defendant herein can show a *dation en paiement* and plaintiff cannot make good his attack upon it, or show that Mrs. Milano is estopped as aforesaid then the mortgage would seem to be worthless.

On the other hand if plaintiff can have the *dation en paiement* set aside, or make good his plea of estoppel against Mrs. Milano, then his mortgage would seem to be good and defendant should pay him the insurance money.

Accordingly we think the case should be remanded for further trial upon those issues.

The judgment appealed from is therefore reversed, and it is now ordered that this case be remanded to the Court

below for further trial in accordance with the views hereinabove expressed. The defendant to pay the costs of this appeal and all other costs to await final judgment.

Opinion and decree, May 28th, 1917.

Rehearing refused, June 25th, 1917.